FILED
United States Court of Appeals
Tenth Circuit

May 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELISSA LOUISE PHILLIPS,

        Plaintiff - Appellant,

        v.

JOEL KERNS, individually and in his
official capacity as Sheriff of Pittsburg
County; RICHARD BEDFORD,
individually and in his official
capacity as Undersheriff of Pittsburg
County,

        Defendants - Appellees.

No. 11-7079

(D.C. No. 6:11-CV-00088-RAW)

(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Melissa Louise Phillips brought this civil rights/ADA[1] action alleging that the Sheriff and Undersheriff of Pittsburg County, Oklahoma, and the Honorable William H. Layden, Jr., a state court judge, violated her constitutional and statutory rights by their actions or failures to act in connection with an ongoing feud that Ms. Phillips has with her next-door neighbor. She also attempted to remove to federal court three pending state actions related to that dispute, including two cases in which she was the plaintiff. The district court, *sua sponte*, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim. On appeal, we affirmed the district court's decision except for federal law allegations against the Sheriff and Undersheriff. As to that part of the complaint, we remanded the case for further consideration. Phillips v. Layden, 434 Fed. Appx. 774 (10th Cir. 2011).

On remand, the district court reviewed the federal claims that were alleged and determined that Ms. Phillips' complaint failed to plead sufficient facts to state a claim under the Americans with Disabilities Act or under 42 U.S.C. §§ 1983, 1985 or 1986. The court also concluded that the remaining claims were barred under the Rooker-Feldman[2] doctrine. For the reasons stated below, we affirm.

---

[1]Ms. Phillips cites 42 U.S.C. §§ 1983, 1985 and 1986, and the Americans with Disabilities Act.

[2]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

**I.**

As indicated, Ms. Phillips and her neighbor have been engaged in an ongoing battle for a considerable period of time. As is frequently present in such disputes, Ms. Phillips argues over her property line, trespass, improper blocking of the road, unauthorized erection of a fence, obstruction of her access to an electrical box attached to a pole by the fence, shooting guns at 6:30 in the morning (shooting is permitted in the area), yelling, swearing, threats, and so on. During the course of these events, Ms. Phillips obtained a temporary protective order against her neighbors and thereafter attempted unsuccessfully to make the temporary order permanent.

Ms. Phillips repeatedly called the police to her property over what she deemed to be violations of the temporary protective order or other alleged wrongful acts by her neighbors. In particular, she continued to complain about the neighbors' obstruction of her access to the electrical box attached to a pole. The police, specifically the defendants named in the complaint, did not act to Ms. Phillips' satisfaction. She accuses them, among other things, of failing to stop or prevent her neighbors' criminal acts, lying on their incident reports, not submitting evidence to the district attorney so that he could prosecute the neighbors, failing to appear and testify on her behalf at her hearing for a permanent protective order, withholding evidence, allowing perjury to be committed, refusing to stop her neighbors from cutting off access to her electrical

outlets, and threatening to have her arrested if she continued to pester the police department. In short, Ms. Phillips accuses the Sheriff and Undersheriff of misfeasance, malfeasance and nonfeasance by not supporting her in her ongoing dispute with her neighbors.

Ms. Phillips seeks declaratory and injunctive relief as well as compensatory damages and an emergency restraining order "to order the Sheriff and or Undersheriff to disallow allowing the neighbor to obstruct her full access to the [electrical] outlets . . . ." R. Vol. 1 at 17.


**II.**

We review a district court's decision to dismiss a complaint under § 1951(e)(2) de novo, affirming "only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)). We accept the complaint's allegations as true and view them in the light most favorable to the plaintiff. Id. We further construe a pro se complaint liberally. Id.

We agree with the district court that the core of Ms. Phillips' complaints, as evidenced by the relief she seeks in her motion for an emergency restraining order, is intertwined with proceedings she unsuccessfully brought in state court.

-4-

Accordingly, the <u>Rooker</u>-<u>Feldman</u> doctrine applies as a bar to her action against the deputies.

However, to the extent Ms. Phillips argues that she has raised federal claims separate and apart from any state court proceeding, she does not fare any better. With respect to her invocation of the Due Process Clause, she does not identify any heavy hand of the government on her. Rather, she seeks to have the government lay its hand upon her neighbors. And, rather than identifying anything taken from her by these defendants, she wants to have these defendants give her something, starting with ensuring access to her electrical outlets by tearing down or having her neighbors tear down the intervening fence.

In particular, with respect to Ms. Phillips' temporary protective order and her attempt to obtain a permanent protective order, as well as a restraining order from this court, the Supreme Court has made clear in <u>DeShaney v. Winnebago County Dept. of Soc. Servs.</u>, 489 U.S. 189 (1989), and <u>Town of Castle Rock, Colo. v. Gonzales</u>, 545 U.S. 748 (2005), that there is no right under the Due Process Clause, either procedural or substantive, to have the police enforce a restraining order or to arrest some third party. <u>Id.</u> at 749. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Id.</u> at 769 (quoting <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)).

-5-

Furthermore, Ms. Phillips' complaints deal almost exclusively with procedure such as police reports, responses to calls, transmitting reports to the district attorney, not showing up in court to testify in her proceeding for a protective order, and so on. But such things do not state any constitutional entitlement. Thus, for example, the Supreme Court has made it clear that an entitlement to nothing but procedure cannot serve as the basis for a property right protected by the Due Process Clause. Castle Rock, 545 U.S. at 748.

The bottom line here is that Ms. Phillips is attempting to use the police to establish, settle, and protect what she deems to be her rights to property, from boundary lines to electrical outlet access. As. Ms. Phillips has been regularly advised all along, these are civil, not police, matters which she must pursue in civil actions in the state courts. She is simply not entitled to have the police do that work for her.

The same misapprehension applies to her ADA claim related to her electrical outlet access. The neighbors, not the police, blocked that access, and, since this is entirely a matter of private contract and property rights, the police have no duty under the ADA to enter upon the land and tear down the fence or (as Ms. Phillips suggests a couple of times) allow a ladder to be placed at the fence.

Finally, Ms. Phillips' allegation of a conspiracy under § 1985(3) fails because there are no allegations in the complaint that the Sheriff and Undersheriff acted or failed to act because of "some racial, or perhaps otherwise class-based,

invidiously discriminatory animus" toward her.  <u>Tilton v. Richardson</u>, 6 F.3d 683, 686 (10th Cir. 1993) (quotation omitted).  And, we agree with the district court that failing a cause of action under § 1985(3), there is no cause of action under § 1986.

## CONCLUSION

We have considered all of Ms. Phillips' allegations and find that they are completely lacking in merit.  Thus, for the reasons stated above and for substantially the reasons stated by the district court in its opinion, the district court's dismissal of Ms. Phillips' complaint is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
