FILED
United States Court of Appeals
Tenth Circuit

May 26, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MILTON BRADLEY GAREWAL,

      Plaintiff - Appellant,

v.

U.S. MARSHAL JOROME SLIZ; U.S.
MARSHAL GILLIAN FLECK; DR.
CRUM; NURSE JOHNSON; THE
NATIONAL COMMISSION ON
CORRECTIONAL HEALTH CARE,

      Defendants - Appellees.

No. 14-1413
(D.C. No. 1:12-CV-02348-RM-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

Milton Garewal, a federal prisoner appearing pro se, appeals from the district

court's dismissal of his claims that defendants violated his constitutional right to be

free from cruel and unusual punishment. Exercising jurisdiction under 28 U.S.C.

§ 1291, and mindful of our obligation to construe pro se filings liberally, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In his Third Amended Complaint, Garewal alleged that United States Marshals Jorome Sliz and Gillian Fleck were to transport him from the Denver City Jail to a federal building for a court hearing. Garewal asked Fleck if she recalled transporting him a month earlier without shackles because he had shown a medical card stating he has drop foot and was wearing a brace on his drop foot. Fleck said she did, but added that Sliz was in charge of deciding whether he would be shackled this time. Garewal told Sliz he had a drop foot, explained what that was, presented Sliz with a medical card indicating he "may have brace for foot drop," R. at 33, and told Sliz it "wasn't a good idea" to shackle him, *id.* at 31. Sliz said Garewal could go slow and take his time because they were early for the hearing anyway. Garewal told the Marshals "going slow" was irrelevant because if he could not "throw his foot far enough to land flat," his foot would "drag and cause [him] to trip." *Id.* He reiterated that it was "not a good idea" to shackle him during transport. *Id.* Sliz then applied the shackles. After fifteen or twenty steps, Garewal began to fall. Sliz caught him, but not before the shackles twisted Garewal's right foot. Garewal said his foot hurt badly and might be broken, so Sliz removed the shackles. Fleck asked Garewal if he could walk. Garewal responded he could if he had to, but did not think he should. Sliz told Garewal "ahh, your [sic] tough" and that he could go as slow as he wanted. *Id.* at 32. Garewal then walked to the hearing and again during his return to the jail.

At the jail, Garewal asked Fleck if they were going to tell jail staff about his injury. Fleck told Garewal he would have to put in a medical "kite" (i.e., a request for medical assistance) and tell the staff himself. A deputy at the jail told him there were no kites and that Garewal had to ask the nurse for one. Three days later, Garewal submitted a kite stating his left foot was bruised and purple around his toes and his right foot might be fractured or broken. An unidentified nurse reviewed the kite late that same day, and Nurse Johnson examined Garewal the next morning. She noted his foot was swollen and warm to the touch, prescribed Tylenol and Motrin, and scheduled him for the medical line three days later. She noted Garewal denied the need for an "ace wrap" because he had "borrowed high top shoes from another [inmate]." *Id.* at 39. After Nurse Johnson's exam, Garewal walked back to his pod. Three days later, Dr. Stob examined him, ordered an x-ray for his right foot, and sent Garewal back to his pod.[1] Dr. Stob's progress note indicates he discontinued Motrin but prescribed diclofenac (an anti-inflammatory), Tylenol, and a diuretic. He also ordered blood-pressure checks for Garewal's hypertension and planned to follow up with Garewal in one week. Three days later, Garewal had an x-ray, and it showed he had fractures in two metatarsals in his right foot. Dr. Crum prescribed a walking boot and a cane.

---

[1] Garewal alleged that one of the named defendants, Dr. Crum, performed this examination, but in his opening appellate brief, he acknowledges it was Dr. Stob. Further, in his March 5 Reply Brief, Garewal states that he did not name Dr. Stob because he "acted medically reasonably instead of deliberately indifferent." March 5 Reply Br. at 4.

In this action, Garewal raised claims under *Bivens*[2] and 42 U.S.C. § 1983, asserting that defendants Sliz, Fleck, Johnson, and Crum violated his Eighth Amendment right to be free from cruel and unusual punishment.[3] Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). A magistrate judge recommended the motions be granted on the ground that Garewal had not stated a plausible claim that defendants had been deliberately indifferent to a substantial risk of serious injury. Garewal filed objections to those recommendations, but the district court overruled the objections, adopted the recommendations, and dismissed the claims without prejudice. This appeal followed.

## DISCUSSION

We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6). *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim is facially plausible if its factual content allows a reasonable inference of liability. *Id*. at 1215.

---

[2]     *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3]     Garewal also alleged that the National Commission on Correctional Health Care had "accredited . . . the Denver City Detention Center," R. at 40, but he specified no claims against the NCCHC. The district court adopted the magistrate judge's recommendation to dismiss any claims against the NCCHC as legally frivolous. Garewal did not object to that recommendation, and he has not taken issue on appeal with the district court's ruling. We therefore do not address it further.

- 4 -

The test for deliberate indifference to a medical need in violation of the Eighth Amendment has an objective and a subjective prong. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). To satisfy the objective prong at the dismissal stage, Garewal had to allege facts permitting a reasonable inference that his medical need was sufficiently serious. *See id.* "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). To satisfy the subjective prong, Garewal had to allege facts permitting a reasonable inference that the defendants "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). His factual allegations had to be sufficient to show defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that they actually "[drew] the inference." *Id.* In other words, he had to show a "conscious disregard[]" of "a substantial risk of serious harm." *Mata*, 427 F.3d at 752.

We first consider Garewal's allegations regarding Sliz and Fleck. Although Garewal's medical card said he could have a brace for his drop foot it did not contain any restriction on shackling. Hence, the card was insufficient to alert Sliz and Fleck that Garewal's drop foot required him to walk unshackled, since that accommodation was not mandated by a physician or "so obvious" as to be "easily recogniz[able]" by a lay person, *Mata*, 427 F.3d at 751 (internal quotation marks omitted). And even

though Fleck had previously allowed Garewal to be transported unshackled on one occasion, that is insufficient to show that Fleck or Sliz actually inferred a substantial risk of serious harm on the occasion at issue. In fact, the factual allegations point decisively in the opposite direction—Sliz and Fleck thought walking slowly would accommodate Garewal's drop foot. They may have been wrong about that, but it does not show the sort of conscious disregard necessary for a constitutional claim to survive a motion to dismiss.[4]

After Garewal fell, Sliz and Fleck inquired of his ability to walk. He said he could but preferred not to, and they allowed him to walk slowly. Thus, we see no plausible deliberate indifference in their actions after he fell.[5] Nor can we see any plausible claim of deliberate indifference regarding Fleck's instruction that Garewal had to obtain and submit his own medical kite. Fleck did not consciously disregard a

---

[4]    Garewal argues that the magistrate judge overlooked his allegations regarding the prior occasion, but he is mistaken. *See* R. at 126 (magistrate judge's recommendation stating that Garewal alleged "Fleck had previously permitted [him] to be transported without leg shackles because of his drop foot" but that he did "not allege [it was] because of her belief that there was a substantial risk of serious harm or injury to [him]"). The district court did not specifically refer to those allegations, but they do not change the outcome.

[5]    On appeal, Garewal argues for the first time that he walked because other transferees had been tased for failing to walk. *See* Aplt. Opening Br. at 7; March 5 Reply Brief at 2, 6, 7. "As a general rule we refuse to consider arguments raised for the first time on appeal unless sovereign immunity or jurisdiction is in question." *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992). We decline to depart from that rule in this case. *See id.* (recognizing court most likely to depart from general rule "when we are presented with a strictly legal question the proper resolution of which is beyond doubt or when manifest injustice would otherwise result").

substantial risk of serious harm when she told Garewal to request medical attention using jail procedures.

Garewal's allegations concerning Johnson and Crum amount to nothing more than a delay in medical care and Garewal's disagreement with his treatment. As the district court pointed out, Garewal did not allege that Johnson or Crum was responsible for the delay. Johnson saw Garewal the morning after he submitted his medical kite, gave him Tylenol and Motrin, and scheduled him for the medical line three days later. But none of Garewal's allegations address why it took him three days to submit the kite, and he did not allege (nor is there a reasonable inference from the facts he did allege) that Johnson deliberately failed to schedule him for the medical line sooner because of an indifference to his injury. Even if we were to infer that the jail's procedures were to blame for either of those delays, as Garewal suggests in his appellate briefs, that still does not show deliberate indifference by Johnson or, for that matter, Crum, whose only involvement was to prescribe a walking boot and cane after Garewal's foot was x-rayed. Furthermore, Garewal's disagreement with the treatment decisions of Johnson and Crum are insufficient to sustain an Eighth Amendment claim of deliberate indifference. *See Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.").

Finally, there is no merit to Garewal's argument that defendants' motions to dismiss for failure to state a claim should have been denied because his complaint survived the preliminary screening process of 28 U.S.C. § 1915A. Although § 1915A dismissals can be because the complaint, or a portion of it, "fails to state a claim upon which relief can be granted," *id.* § 1915A(b)(1), a district court may not be able to make that determination on screening. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) ("Dismissing a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate."). Simply put, the fact that a district court does not dismiss a complaint under § 1915A does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6).[6]

## CONCLUSION

The judgment of the district court is affirmed. We grant Garewal's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until his entire fee has been paid.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[6] Given our agreement with the district court that Garewal failed to state a claim for relief based on deliberate indifference, we need not reach the parties' arguments regarding qualified immunity.