**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SHANNON PERRY,

    Plaintiff - Appellant,

v.

ENCORE AT BOULEVARD ONE
LLC; RICCI DONATI; JESSICA
BRANDL; MARK T. SCHETTER,

    Defendants - Appellees.

No. 25-1128
(D.C. No. 1:23-CV-02188-GPG-
SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

_____

This appeal arises from a dispute over an eviction. During the

eviction proceedings in state court, the tenant sued in federal court under

the Fair Housing Act, the Americans with Disabilities Act, the Violence

Against Women Act, and 42 U.S.C. § 1983.

---

[*]    The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Because the tenant proceeded in forma pauperis, the district court needed to screen the complaint to determine whether it stated a claim on which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); D. Colo. L. Civ. R. 8.1(a).[1] The district court conducted the screening and ruled that the tenant could pursue only his cause of action under the Fair Housing Act.[2] Following this ruling, the tenant moved for a temporary restraining order to halt the eviction; but she was evicted while the motion was pending. So the district court denied the motion for a temporary restraining order based on mootness.

The defendants then moved to dismiss the claim under the Fair Housing Act; and the district court granted that motion. The tenant unsuccessfully moved to alter or amend the judgment; and she appeals, challenging the denial of a temporary restraining order, the summary dismissal, and the grant of the defendants' motion to dismiss the cause of action under the Fair Housing Act.

## 1.    Mootness of the Ruling on the Temporary Restraining Order

The tenant asked the federal district court for a temporary restraining order to prevent the eviction. But before the court could rule on the

---

[1]    Local Civil Rule 8.1(a) also required screening because the tenant was appearing pro se.

[2]    The district court didn't address the Violence Against Women Act, but the tenant doesn't invoke this cause of action here.

2

request, the tenant was evicted, rendering a temporary restraining order moot. *See Tymiak v. Omodt*, 676 F.2d 306, 308 (8th Cir. 1982) (concluding that a "request for an injunction to enjoin [the plaintiff's] ejectment . . . is moot because the record reveals that he was [already] evicted from those premises"). So the district court didn't err in denying the tenant's motion for a temporary restraining order.

## 2.    Cause of Action Under the Fair Housing Act

As noted, the district court screened the complaint and declined to summarily dismiss the cause of action under the Fair Housing Act. But the defendants later moved to dismiss this cause of action for failure to state a valid claim, and the court granted the motion.

The tenant argues in her reply brief that the court shouldn't have dismissed the claim after allowing it to survive screening. But the tenant needed to make this argument in her opening brief; the reply brief was too late. *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007).

We would reject the argument even if it had come earlier given the difference between screening and ruling on a motion to dismiss. Screening takes place without input from the defendants. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) ("Dismissing a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate."). So the district court can grant a motion to dismiss after

letting the case proceed past the screening stage. *See Garewal v. Sliz*, 611 F. App'x 926, 931 (10th Cir. 2015) (unpub.) (stating that the decision not to summarily dismiss a claim doesn't prevent the district court from later granting a motion to dismiss for failure to state a valid claim).[3]

As a result, we conclude that (1) the tenant waited too long to challenge the dismissal of her claim under the Fair Housing Act and (2) this challenge lacks merit.

**3.    Causes of Action Involving the Americans with Disabilities Act and the Double Jeopardy Clause.**

In district court, the tenant claimed that the eviction had violated the Americans with Disabilities Act and the Double Jeopardy Clause. The district court summarily dismissed these claims, reasoning that

- the remedy for violating the Double Jeopardy Clause (42 U.S.C. § 1983) is available only to state actors, and the defendants are private actors;

- the Double Jeopardy Clause doesn't apply because an eviction involves a civil proceeding rather than a criminal punishment; and

- the claim under the Americans with Disabilities Act is invalid because the eviction involved an apartment residence rather than a place of public accommodation.

The tenant says that these rulings involve "clear error," but doesn't say why. Appellant's Opening Br. at 16. By failing to explain why the rulings

---

[3]    This opinion is persuasive, but not precedential. *See* n.*, above.

are wrong, the tenant has waived her appellate challenges. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

**4.    Dismissal Before Discovery**

The district judge referred the case to a magistrate judge to do two things:

1.    Convene a scheduling conference and enter a scheduling order and

2.    propose recommended rulings on dispositive motions.

The tenant argues that the district court deviated from this process by allowing the magistrate judge to recommend dismissal before the parties had conducted discovery. We disagree.

Before the magistrate judge had convened a scheduling conference, the defendants moved to dismiss the action. So the referral required the magistrate judge to recommend a ruling on the motion. The magistrate judge didn't err by doing precisely what the referral required.

**5.    Denial of Reconsideration**

After the district court dismissed the action, the tenant moved for reconsideration. The court denied the motion, reasoning that the tenant had just recycled her earlier arguments. On appeal, the tenant challenges the denial of this motion; but she doesn't say why she thinks that the district court was wrong. Instead, she suggests that the district court should have reconsidered the ruling based on new legal developments. Despite this

5

suggestion, she doesn't say what these developments were. So we reject the tenant's challenge to the denial of her motion for reconsideration. *See id.*; *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994).

**6.    Appointment of a Guardian Ad Litem**

On appeal, the tenant argues that the district court should have granted her requests to appoint a guardian ad litem. But the tenant didn't request a guardian ad litem; she requested appointment of an attorney.[4] On appeal, the tenant insists that she needed legal representation because of her "diminished capacity to self represent." Appellant's Opening Br. at 6.

In civil cases, courts can "request" an attorney to take a case but can't force the attorney to take it. *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016). In deciding whether to request counsel, district courts generally must selectively consider the justification because not every attorney is willing to accept. *Id.* at 397.

Given the inability to require legal representation, the district court regarded a request for counsel as premature. On appeal, the tenant doesn't

---

[4]    If the tenant had been incompetent and the district court had known of this condition, appointment of a guardian ad litem may have been necessary even without a request. Fed. R. Civ. P. 17(c)(2). But the tenant doesn't (1) identify facts that would have alerted the court to her incompetency or (2) say why her extensive litigation activity (filing motions, amending her complaint, and pursuing appeals) was consistent with incompetency. These omissions prevent meaningful appellate review. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994).

say why this conclusion was wrong. Absent an explanation, the tenant waived her appellate challenge to this ruling. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

### 7.    Other Motions

The tenant has also filed six motions.

First, she seeks leave to proceed in forma pauperis (Doc. 8). The Court grants this request because she cannot afford to prepay the filing fee.

Second, she seeks certification of her status to proceed in forma pauperis (Doc. 37). We are not sure what the tenant is seeking: We're granting her request to proceed in forma pauperis and don't know what she means by certifying this status. So this request is denied.

Third, the tenant moves for affirmative relief (Doc. 38). We interpret the motion as a supplemental brief and have considered it in affirming the dismissal and denial of reconsideration.

Fourth, the tenant seeks to supplement the record with audio testimony from the eviction proceedings (Doc. 39). But she doesn't say why the audio testimony bears on the appellate issues. So we deny this request.

Fifth, the tenant filed a brief entitled "Appellant's disposition i[n] opposition of Appellees' Reply Brief" (Doc. 41). There the tenant states that the defendants improperly objected to her motion for leave to proceed in forma pauperis, failed to confer, and opposed supplementation of an

appendix. The Court doesn't understand these requests. The defendants presented their arguments for us to affirm, which is the purpose of a response brief. So we overrule the apparent objection to the response brief.

Sixth, the tenant filed a motion to supplement the record with two medical documents acquired after the dismissal (Docs. 45–46). For this motion, the tenant invoked Tenth Circuit Rule 10.3 and Federal Rule of Civil Procedure 60(b)(2), characterizing the two medical documents as "newly discovered" evidence. We again have difficulty understanding the request. Tenth Circuit Rule 10.3 addresses designation of the district court record rather than supplementation of the appellate record. Nor does Rule 60(b)(2) apply because the "newly discovered evidence must have been in existence" when the district court entered judgment. *Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1530 (10th Cir. 1997). The two medical documents came into existence after dismissal of the action.

Given the inapplicability of Tenth Circuit Rule 10.3 and Federal Rule of Civil Procedure 60(b)(2), we deny the tenant's motion to supplement the record.

## 8.    Conclusion

We affirm the dismissal and the denial of reconsideration, grant leave to proceed in forma pauperis, deny certification of status to proceed in forma pauperis, deny leave to supplement the record with audio testimony,

overrule the tenant's apparent objection to the defendants' response brief, and deny leave to supplement the record with medical documents.

Entered for the Court


Robert E. Bacharach
Circuit Judge