FILED
United States Court of Appeals
Tenth Circuit

July 6, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC R. FIERRO,

    Petitioner - Appellant,

v.

R.C. SMITH, Warden; THE ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 18-2059
(D.C. No. 2:17-CV-00832-KG-CG)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Eric Fierro, a New Mexico state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a

COA to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court"). He also seeks leave to

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Fierro is pro se, we liberally construe his filings but do not act
as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

proceed *in forma pauperis*.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. **BACKGROUND**

Mr. Fierro was convicted of criminal sexual penetration after a bench trial. His conviction was affirmed on direct appeal, and his petition for state habeas relief was denied.  In his § 2254 application to the federal district court, he argued that (1) he was denied a speedy trial, (2) the state court lacked jurisdiction over him, (3) his indictment should have be quashed, and (4) there was insufficient evidence to support his conviction.

The matter was referred to a magistrate judge, whose Proposed Findings and Recommended Disposition ("PFRD") recommended that the application be denied. It warned that Mr. Fierro must file any objections to the PFRD within 14 days or no appellate review would be allowed.

The district court adopted the PFRD's recommendations, noting that Mr. Fierro had objected to the PFRD's rulings only on the speedy trial and failure-to-quash-the-indictment claims.[2]

_____

[2] The district court also denied Mr. Fierro's motion under Federal Rule of Civil Procedure 60(b)(1) on the ground that it was filed prematurely before judgment had been entered; it requested relief in a different case; and it complained about conditions of confinement, which is not a proper claim under § 2254.  "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (alterations in original) (quotations omitted).  In his brief, Mr. Fierro states that he "seeks the Court also review Motions pursuant to Fed. Rule of Civil Procedure Pursuant to 60(b)."  Aplt. Br. at 33.  But he says nothing further and has therefore

## II.  DISCUSSION

### A.  *Firm Waiver Rule*

Mr. Fierro has waived appellate review of his claims regarding state court jurisdiction and insufficient evidence because he did not object to the magistrate judge's recommendations on those issues.

This court's firm waiver rule provides that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).  It does not apply "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review."  *Id.* (quotations omitted).

The exceptions do not apply here.  First, the magistrate judge's order advised Mr. Fierro of his right to object to the PFRD within 14 days and warned that "[i]f no objections are filed, no appellate review will be allowed."  ROA at DNM 901.  We need not consider the second exception because Mr. Fierro offers no reason why the interests of justice require that we review the claims that he did not address in his objections to the PFRD.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

---

inadequately briefed any Rule 60(b) issue, and we do not address whatever the issue may be.  *See United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015) ("[A]n issue mentioned in a brief on appeal, but not addressed, is waived."  (quotations omitted)).

Although we liberally construe Mr. Fierro's pro se materials, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and quotations omitted). Mr. Fierro's failure to object to the magistrate judge's dismissal of his state court jurisdiction and insufficient evidence claims waived appellate review of those claims. We accordingly do not reach whether a COA should be granted on those claims.

## B. *No COA on Remaining Claims*

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Before we may exercise jurisdiction over Mr. Fierro's appeal, he must obtain COAs for the issues he wishes to raise. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. §§ 2253(c)(1)(A), (c)(3). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 327).

As the Supreme Court stated last week:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court cannot grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" this Court, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Sexton v. Beaudreaux*, __ S. Ct.__ , 2018 WL 3148261 at *2 (per curiam) (June 28, 2018) (quoting 28 U.S.C. § 2254(d) (alteration in *Sexton*)). In deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336.

Mr. Fierro raised his speedy trial and failure-to-quash-the-indictment issues on direct appeal. The New Mexico Court of Appeals rejected his arguments on the merits. *State v. Fierro*, 315 P.3d 319 (N.M. Ct. App. 2013). The New Mexico Supreme Court denied Mr. Fierro's petition for writ of certiorari. *State v. Fierro*, 321 P.3d 127 (N.M. 2013) (table). Accordingly, because "the state court has adjudicated" these claims, "AEDPA's deferential standard of review" applies to Mr. Fierro's § 2254 application. *Hanson v. Sherrod*, 797 F.3d 810, 843 (10th Cir. 2015).

1. **Speedy Trial**

The New Mexico Court of Appeals, applying the Supreme Court's standard in *Barker v. Wingo*, 407 U.S. 514 (1972), for whether a Sixth Amendment speedy trial violation has occurred,[3] concluded that Mr. Fierro's filing of more than 25 pretrial

---

[3] In *Barker*, the Court said that "*Kloper v. North Carolina*, 386 U.S. 213 (1967), established that the right to a speedy trial is 'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States." 407 U.S. at 515.

motions was the primary cause of pretrial delay and that, although he was convicted in 2010 on a 2008 indictment, he had not established a speedy trial constitutional violation. *Fierro*, 315 P.3d at 323-28.

Mr. Fierro asserts, though without providing record support, that many of his motions were promptly decided and that the state asked for extensions of time. Aplt. Br. at 4, 5, 6, 37.[4] But, for substantially the same reasons stated by the magistrate judge and the district court, he has not shown the state court unreasonably applied clearly established Supreme Court law in reaching its decision. *See* 28 U.S.C. § 2254(d)(1). Nor has he shown the state court unreasonably determined that he was the primary cause of the pretrial delay. *See id.* § 2254(d)(2). Reasonable jurists would not debate the district court's application of AEDPA deference to deny Mr. Fierro's speedy trial claim. We therefore deny a COA on this issue.[5]

---

[4] The New Mexico Court of Appeals noted "that the first and third of the State's requests for extensions of time were based on the fact that there were pending motions before the court that had to be resolved before trial commenced." *Fierro*, 315 P.3d at 326.

[5] In his brief, Mr. Fierro repeatedly cites N.M. Stat. Ann. § 5-604, which provides time limits for the commencement of trial. *See, e.g.,* Aplt. Br. at 4, 7, 35. To the extent he relies on a violation of this provision for federal habeas relief, he cannot do so. Federal habeas relief is not available to correct errors of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'' *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

6

2. **Indictment**

Before Mr. Fierro was charged, he confessed without having received the *Miranda* warnings.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).  The state presented his confession to the grand jury that indicted him.  After his indictment, he moved to suppress the confession as evidence at trial, and the state court granted the motion.  He also argued that the indictment should have been quashed or a mistrial declared.  The trial court rejected this argument.

On direct appeal, the New Mexico Court of Appeals affirmed, holding that the proper remedy for the presentation of inadmissible evidence to the grand jury is suppression of the evidence at trial.  *State v. Fierro*, 315 P.3d at 329.  Because the trial court suppressed the confession at trial, it did not need to quash the indictment.  *Id.* at 330.  This decision followed Supreme Court precedent that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted . . . on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination."  *United States v. Calandra*, 414 U.S. 338, 345 (1974); *accord United States v. Blue*, 384 U.S. 251, 255 (1966).

The district court correctly determined that the New Mexico courts' rejection of Mr. Fierro's challenge to the indictment was not contrary to or an unreasonable application of Supreme Court precedent and that he cannot overcome AEDPA deference on this issue.  *See* 28 U.S.C. § 2254(d)(1).  Because reasonable jurists would not debate the district court's denial of relief, we deny a COA.

7

III.  **CONCLUSION**

We deny Mr. Fierro's request for a COA and dismiss this matter.  We deny his motion to proceed *in forma pauperis* because he has not advanced a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised."  *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (quotations omitted).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

8