FILED
United States Court of Appeals
Tenth Circuit

December 6, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WADRESS HUBERT METOYER, JR.,

    Plaintiff - Appellant,

v.

DELYNN FUDGE, in her individual
capacity and official capacity as Executive
Director of the Oklahoma Pardon and
Parole Board; TOM GILLERT, in his
individual capacity and in his official
capacity as Chairman of the Oklahoma
Pardon and Parole Board; ROBERT
MACY, in his individual capacity and in
his official capacity as Member of the
Oklahoma Pardon and Parole Board; C.
ALLEN MCCALL, in his individual
capacity and in his official capacity as
Member of the Oklahoma Pardon and
Parole Board; MICHAEL KRIS STEELE,
in his individual capacity and in his official
capacity as Member of the Oklahoma
Pardon and Parole Board; ROBERTA
ROBBIE FULLERTON, in her individual
capacity and in her official capacity as
Member of the Oklahoma Pardon and
Parole Board,

    Defendants - Appellees.

No. 19-6124
(D.C. No. 5:19-CV-00406-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may

_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Wadress Hubert Metoyer, Jr., an Oklahoma inmate appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

In 1996, Mr. Metoyer was convicted of a first-degree murder committed in 1982.  He began serving his sentence in 2000.  He sued members of the Oklahoma Pardon and Parole Board (collectively, "Defendants") for violating his constitutional rights at two parole hearings.  A magistrate judge construed Mr. Metoyer's complaint as alleging that Defendants violated his (1) due process rights in denying his liberty interest in parole, (2) Equal Protection rights in applying Oklahoma's Truth in Sentencing Act ("the Act") to his parole proceedings, and (3) Ex Post Facto Clause rights.  Mr. Metoyer also alleged claims under the Oklahoma State Constitution.

The magistrate judge issued a Report and Recommendation ("R&R") recommending dismissal of Mr. Metoyer's claims.  It held that (1) because parole in Oklahoma is discretionary, Mr. Metoyer had "no constitutionally protected liberty

---

be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Metoyer appears pro se, we afford his filings a liberal construction, but we do not craft arguments or otherwise advocate for him.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

interest in parole," ROA at 65; (2) because inmates similarly situated to Mr. Metoyer are treated alike in consideration for parole, he did not suffer an Equal Protection violation, *id.* at 66; and (3) because he failed to offer "any reasonable argument that he face[d] a significant risk of longer incarceration" based on the Act, he did not state an Ex Post Facto claim, *id.* at 67-68.

Mr. Metoyer objected to the first two holdings in the R&R. The district court rejected Mr. Metoyer's objections, adopted the R&R, and dismissed the action under 28 U.S.C. § 1915A(b) for failure to state a claim. The court declined to exercise supplemental jurisdiction over the Oklahoma state law claims and dismissed them.

## II. **DISCUSSION**

We review de novo a district court's § 1915A(b) dismissal for failure to state a claim, *see Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009), and use the same standard applied under Federal Rule of Civil Procedure 12(b)(6), *see Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We have carefully reviewed Mr. Metoyer's 15-page brief, which fails to show how the district court erred. *See Nixon v. City & Cty. of Denver,* 784 F.3d 1364, 1366 (10th Cir. 2015) (determining an appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"). Instead, he repeats mostly the same arguments that he presented to the district court. His failure to explain why the district court's order was wrong waives any argument for reversal.

*See Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An

issue mentioned in a brief on appeal, but not addressed, is waived."); *Garrett v. Selby*

*Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[T]he inadequacies of

Plaintiff's briefs disentitle him to review by this court.").[2]

    Even if we reach the sufficiency of his complaint, Mr. Metoyer failed to

"nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550

U.S. at 570.  First, we agree with the district court that parole in Oklahoma is

discretionary and not mandatory.  As such, Mr. Metoyer was not denied due process

because he does not have a liberty interest in parole.  *See Greenholtz v. Inmates of*

*Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979) ("That the state holds out the

*possibility* of parole provides no more than a mere hope[,] . . . a hope which is not

protected by due process.").  Second, because Mr. Metoyer was not treated differently

from "similarly situated" prisoners, the Act did not violate his Equal Protection

rights.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Third,

as the R&R points out, because Mr. Metoyer fails to show that applying the Act "in

his case would result in a significant risk of a longer period of incarceration," he does

---

    [2] Even if Mr. Metoyer had presented an adequate argument about his Ex Post
Facto claim on appeal, he waived that issue when he failed to object to the R&R's
recommendation to dismiss that claim.  *See Vega v. Suthers*, 195 F.3d 573, 579-80
(10th Cir. 1999) ("[The] firm waiver rule . . . provides that a litigant's failure to file
timely objections to a magistrate's R&R waives appellate review . . . ." (quotations
omitted)).  He also waived the argument on appeal by failing to raise it.  *See United*
*States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) ("[A] party that has waived
[an argument] is not entitled to appellate relief.").

not allege facts supporting a plausible Ex Post Facto claim. *Henderson v. Scott*, 260 F.3d 1213, 1216-17 (10th Cir. 2001).

## III. **CONCLUSION**

We affirm the district court's judgment. Because Mr. Metoyer has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012), we deny his motion to proceed *in forma pauperis* and remind him of his obligation to pay the remainder of his filing fee forthwith.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge