FILED
United States Court of Appeals
Tenth Circuit

January 7, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS ERIC ESPINOZA,

    Petitioner - Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO; SCOTT DAUFFENBACH,
Warden; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

    Respondents - Appellees.

No. 19-1449
(D.C. No. 1:19-CV-01624-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Thomas Eric Espinoza, a Colorado state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his 28

U.S.C. § 2254 application for a writ of habeas corpus as untimely. He also seeks leave to

proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny

both requests and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Espinoza proceeds pro se, we construe his filings liberally but do not serve as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

# I. BACKGROUND

Mr. Espinoza was convicted of first-degree murder after deliberation, felony murder, and kidnapping. He was sentenced to life imprisonment. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari. Mr. Espinoza then sought post-conviction relief under Colo. R. Crim. P. 35(c), which the trial court denied. The Court of Appeals again affirmed, and the Colorado Supreme Court denied certiorari. *See* ROA at 53-65, 119-42, 191-201.

Mr. Espinoza next filed the § 2254 application at issue here, raising various grounds for relief. *Id.* at 5-19. In a Report and Recommendation ("R&R"), the magistrate judge recommended that the district court dismiss the action as untimely filed under 28 U.S.C. § 2244(d). *Id.* at 289-97. After considering Mr. Espinoza's objection to this recommendation, the district court agreed with the magistrate judge and dismissed this action as untimely, entered judgment, and denied a COA. *Id.* at 316-18.

# II. DISCUSSION

## A. *Legal Background*

### 1. Certificate of Appealability

To appeal from a denial of a habeas application, a prisoner must first obtain a COA. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). When, as here, the district court denied a habeas application on procedural grounds, a COA may issue only if the applicant demonstrates (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was

2

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry." *Id.* at 485. Thus, if a petitioner cannot make a showing on the procedural issue, we need not address the constitutional component. *See id.*

2. **Statute of Limitations and Equitable Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2254 application. 28 U.S.C. § 2244(d)(1). Generally, this limitation period begins on "the date on which the judgement [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* "[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (quotations omitted).

The one-year limitation period is tolled in "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "An inmate bears a strong burden to show specific

3

facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and quotations omitted).

## B. *Analysis*

Reasonable jurists could not debate the district court's determination that Mr. Espinoza's § 2254 petition was untimely. We agree the application is time-barred and equitable tolling is not warranted. No COA is warranted.

### 1. **Timeliness of Habeas Petition**

Mr. Espinoza filed his § 2254 application long after AEDPA's one-year statute of limitations expired. His conviction became final on July 29, 2013, when the 90-day window for seeking review in the United States Supreme Court ended. *See* ROA at 141, 292. AEDPA's one-year limitation period began the following day. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) ("The statute [of limitations] d[oes] not start to run until . . . the day following the certiorari window."). On February 24, 2014—210 days into the limitation period—Mr. Espinoza filed for post-conviction relief in state court. *See* ROA at 294. This tolled his limitation period until May 21, 2018, when the Colorado Supreme Court declined to review the denial of his petition. *See id.* at 201. At that point, the limitation period began to run again, leaving him 155 days or until October 23, 2018, to file his § 2254 application. *See id.* at 294.

Mr. Espinoza filed his § 2254 application on June 5, 2019—more than seven months after the limitations period expired. *See id.* at 5-19. He does not contest otherwise in his brief to this court. Mr. Espinoza thus has failed to demonstrate that

4

"jurists of reason would find it debatable whether the district court was correct" in finding his application time-barred. *Slack*, 529 U.S. at 484.

2. **Equitable Tolling**

The magistrate judge's R&R rejected Mr. Espinoza's four arguments for equitable tolling. It concluded Mr. Espinoza could not blame his late filing on (1) his appellate counsel, (2) his ignorance of the law, or (3) his mental impairment. *See* ROA at 294-96. Further, it said (4) Mr. Espinoza had not presented new actual innocence evidence. *Id.* at 296-97. As to mental impairment, the magistrate judge pointed out that Mr. Espinoza's health record evidence predated his conviction by at least 16 years and that he was found competent to stand trial. *Id.* at 295. The R&R said Mr. Espinoza did not show he diligently pursued his claims. *Id.* at 295-96. The district court adopted the magistrate judge's analysis. *Id.* at 316-17.

Mr. Espinoza's brief to this court addresses almost exclusively the merits of his § 2254 claims. *Compare* ROA at 5-18 *with* Aplt. Br. at 1-13. The only reference in his brief to the equitable tolling arguments that the district court rejected is the statement that "A.E.D.P.A's one year statute of limitation for the writ of Habeas Corpus was written for people just like me, mentally impaired, uneducated, [H]ispanic and poor." Aplt Br. at 12. He has failed to show that reasonable jurists would debate the district court's denial of equitable tolling.

### III. **CONCLUSION**

For the foregoing reasons, we deny a COA and dismiss this matter. Because Mr. Espinoza has failed to show the "existence of a reasoned, nonfrivolous argument on the

5

law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161

(10th Cir. 2012), we deny his motion to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge