**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELISSA LOUISE PHILLIPS,

     Plaintiff-Appellant,

v.

THE HONORABLE WILLIAM H.
LAYDEN, JR., individually and in his
official capacity as Special Judge of the
District Court of Pittsburg County,
Oklahoma; JOEL KERNS, individually
and in his official capacity as Sheriff of
Pittsburg County; RICHARD BEDFORD,
individually and in his official capacity as
Undersheriff of Pittsburg, County,

     Defendants-Appellees.

No. 11-7022
(D.C. No. 6:11-CV-00088-RAW)
(E. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Melissa Louise Phillips, a *pro se* litigant proceeding *in forma pauperis* (hereinafter "IFP"), seeks review of the district court's dismissal of her case for failure to state a claim.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand.

On March 11, 2011, Phillips filed a complaint in the Eastern District of Oklahoma (Case No. 11-088), alleging that the Sheriff and Undersheriff of Pittsburg County, Oklahoma, and the Honorable William H. Layden, Jr., a state court judge, had violated her constitutional rights, several sections of the United States Code, and the Americans with Disabilities Act (ADA).  ROA, Vol. I, at 7.  Phillips also appears to have used the complaint to seek removal to federal court of three pending state claims related to a property dispute, including two cases in which she was the plaintiff.  Id.

Phillips' IFP status required the district court to evaluate her claims *sua sponte*.  28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) provides that once a district court allows a plaintiff to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted."  In reviewing her claims, the district court construed her entire complaint as "attempting to 'remove' her state cases to this court."  ROA, Vol. I, at 33.  The court then dismissed her action, because the relevant removal statute, 28 U.S.C. § 1441(a), does not allow removal by plaintiffs.  The district court also held that Judge Layden was entitled to

2

judicial immunity and "the case against him would have been automatically dismissed in any event." ROA, Vol. I, at 34. Based on the irreparable failure of the removal action and on the judge's immunity, the court concluded that "[a]llowing Plaintiff to amend her complaint would be futile." Id.

We review a district court's decision to dismiss a complaint under § 1915(e)(2) de novo, affirming "only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)). We accept the complaint's allegations as true and view them in the light most favorable to the plaintiff. Id. We further construe a *pro se* complaint liberally. Id.

To the extent that the district court reviewed Phillips' complaint, its conclusions were correct. No amendment could change the court's analysis under the removal statute. Further, as the district court noted, "[e]xcept where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Thus amendment would be futile as to all claims against Judge Layden.

However, the complaint also raises federal claims. Paragraphs B and C allege constitutional violations and violations of federal law, and the complaint lists as defendants not the defendants in the state claims, but rather the Pittsburg County Sheriff

3

and Undersheriff and Judge Layden. ROA, Vol. I, at 7. Construing the entire complaint as a removal action is not the liberal construction required by Perkins. 165 F.3d at 806.

While the complaint against the judge was correctly dismissed, the district court must at least evaluate the federal claims against the other defendants, the Pittsburg County Sheriff and Undersheriff. Perhaps the complaint so commingles facts supporting the state claims with facts supporting the federal claims that parsing out support for the federal claims is impossible. The court cannot take on the responsibility of constructing plaintiff's arguments and searching the record. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In such a case, when a plaintiff's complaint is difficult to comprehend, district courts may order the plaintiff to show cause why the complaint should not be dismissed for failure to state a claim upon which relief can be granted. Such an order helps to ensure that "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins, 165 F.3d at 806. Here, because the district court did not consider the plaintiff's federal claims, we cannot affirm the district court's dismissal of the entire action. Id. at 811 (remanding judgment of the district court to address claims it did not initially consider).

Accordingly, the district court's judgment is AFFIRMED in part, REVERSED in part, and the case is REMANDED for proceedings consistent with this order. Appellant's

motion seeking injunctive relief is denied.

Entered for the Court


Mary Beck Briscoe
Chief Judge