**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES B. BUCHHEIT,

      Plaintiff - Appellant/Cross-
      Appellee,

v.

CAROL G. GREEN, Clerk of the
Appellate Courts State of Kansas,

      Defendant - Appellee/Cross-
      Appellant.

DANIEL MITCHELL, Shawnee
County Court Judge,

      Defendant - Appellee.

Nos. 12-3154 and 12-3158

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 5:12-CV-04038-CM-KGS)**

---

Submitted on the briefs:[*]

Charles B. Buchheit, Pro Se.

Stephen Phillips, Assistant Attorney General, Topeka, Kansas, for Defendant -

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

Appellee/Cross Appellant.

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

**KELLY**, Circuit Judge.

Charles Buchheit, proceeding pro se, appeals from the district court's sua sponte dismissal of his complaint against defendant state officials pursuant to 28 U.S.C. § 1915(e)(2)(B). Buchheit v. Green, No. 12-4038-CM-KGS, 2012 WL 1673917 (D. Kan. May 14, 2012). Carol Green, the defendant clerk of the Kansas state appellate courts, cross-appeals the district court's denial of her motion to review the magistrate judge's order granting Mr. Buchheit in forma pauperis ("IFP") status. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

Mr. Buchheit filed his "Petition for Injunctive Relief Under the Fourteenth Amendment, As Well As, the Equal Access to Justice Act" naming as defendants Ms. Green and Shawnee County Court Judge Daniel Mitchell. He alleged that the Kansas state appellate courts had denied his request to proceed IFP and had refused to docket his state appeals. See R. 8–9, 11–12, 80–81. A magistrate judge granted Mr. Buchheit's motion to proceed IFP in federal court. Id. at 97. Ms. Green objected on the grounds that the magistrate judge failed to screen the

complaint under 28 U.S.C. § 1915(e)(2). R. 42; see Fed. R. Civ. P. 72(a). The district court overruled the objection but dismissed the complaint for lack of subject matter jurisdiction, finding that Mr. Buchheit sought retrospective relief against the state that is barred by sovereign immunity. Buchheit, 2012 WL 1673917, at *1, 4.

## Discussion

The issues involved in the appeal and cross-appeal are entirely questions of law and our review is de novo.

A.    Whether Mr. Buchheit's Suit is Barred by Sovereign Immunity

If the claims against Ms. Green and Judge Mitchell in their official capacities are claims against the State of Kansas, then sovereign immunity applies. See Moore v. Bd. of Cnty. Comm'rs, 507 F.3d 1257, 1258 (10th Cir. 2007). The Eleventh Amendment bars suits for damages and other forms of relief against state defendants acting in their official capacities. Fed. Maritime Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 765 (2002). There is an exception to state sovereign immunity, however, for suits seeking prospective injunctive relief. Ex Parte Young, 209 U.S. 123, 159–60 (1908); Chamber of Commerce v. Edmondson, 594 F.3d 742, 760 (10th Cir. 2010).

Mr. Buchheit maintains that he is seeking prospective injunctive relief. Aplt. Br. 4, 6. We disagree. Determining whether a request for injunctive relief

- 3 -

is prospective requires a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002) (quotation omitted). Although Mr. Buchheit's complaint states that he is seeking prospective injunctive relief, he wants an order allowing him to proceed IFP and docket his appeal in state court. R. 12. Because he is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, we can only reasonably categorize such relief as retrospective. As such, it does not fall into the Ex Parte Young exception to state sovereign immunity, and we must affirm the dismissal of his complaint.

B.      Whether the District Court Must Screen Non-Prisoner Complaints Before Granting IFP

In her cross-appeal, Ms. Green argues that the magistrate judge was required under 28 U.S.C. § 1915(e)(2)(B) to screen Mr. Buchheit's complaint before granting IFP and authorizing service. Aplee. Br. 12. She argues that the purpose of § 1915(e)(2) is to discourage the filing of baseless law suits that paying litigants would not file (due to the cost of bringing suit) and that represented clients would not file because of the potential for Rule 11 sanctions. Id. at 12–13 (citing Trujillo v. Williams, 465 F.3d 1210, 1216 (10th Cir. 2006)).

The dismissal of Mr. Buchheit's claim may normally render such a cross-appeal moot. See Bannister v. State Farm Mut. Auto. Ins. Co., 692 F.3d 1117,

1120 (10th Cir. 2012) (dismissing defendant's cross-appeal as moot where it affirmed the district court ruling in defendant's favor); Miller ex rel. S.M. v. Bd. of Educ., 565 F.3d 1232, 1251–52 (10th Cir. 2009) (dismissing defendant's cross-appeal as moot where Court of Appeals was unable to grant any effective relief). There is an exception to the mootness doctrine, however, where the underlying dispute is "capable of repetition, yet evading review." Turner v. Rogers, 131 S. Ct. 2507, 2514–15 (2011). This exception applies if: "(1) the duration of the challenged action [is] too short to be fully litigated prior to its cessation or expiration; and (2) there [is a] reasonable expectation that the same complaining party will be subjected to the same action again." Hain v. Mullin, 327 F.3d 1177, 1180 (10th Cir. 2003) (en banc).

Whether the district court has a statutory duty to screen complaints for merit before granting a motion to proceed IFP is an issue that has already come up in multiple cases against Ms. Green and other Kansas state officials. See, e.g., Landrith v. Gariglietti, No. 12-3048; Sommerville v. Kansas, No. 12-3015; Adkins v. Kan. Comm'n on Judicial Qualifications, No. 11-3353. Ms. Green and other Kansas state officials continue to be served with these types of complaints. Because the cases often have been dismissed by the district court after the grant of IFP status, the complaint that the district court should screen these cases for merit before issuance of summons cannot be addressed. Ms. Green's predicament falls squarely within the "capable of repetition, yet evading review" exception to

our mootness doctrine.  See Turner, 131 S. Ct. at 2515.  We, therefore, address it now.

Ms. Green focuses on the change in language to the statute in 1996 as evidence that the district court has an obligation to screen cases for merit under § 1915(e)(2) before granting a motion to proceed IFP.  Prior to 1996, § 1915(d) provided: "The court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1994) (emphasis added).  Subsection (d) was changed to (e) and now provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Id. § 1915(e)(2)(B) (2012) (emphasis added).  Ms. Green argues that the express change in language from "may" to "shall" imposes a screening requirement on magistrate judges when reviewing motions to proceed IFP.  Aplee. Br. 12–14.  Moreover, in order for § 1915(e)(2) to have any meaning, she contends, screening must be done sua sponte, prior to service of summons.  Id. 14.

Though screening might be a good practice and more efficient, we find that nothing in this language requires an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before

granting IFP status.  As the district court noted, "the language of § 1915(e)(2) does not impose a duty to screen or review 'before service of summons.'  Instead, . . . [it] require[s] a court to dismiss a case filed by an ifp litigant at any time 'the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted.'"  Buchheit, 2012 WL 1673917, at *1 (citing Merryfield v. Jordan, 584 F.3d 923, 926 n.3 (10th Cir. 2009) (emphasis added)).  There is simply nothing in the language of the statute indicating that such a dismissal must occur before grant of a motion to proceed IFP.  Even the screening requirement of § 1915A(a), which applies only to prisoner complaints against government officials, is not that strict.  See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint . . . .").  There are good reasons for flexibility.  Dismissing a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate.

The cases upon which Ms. Green relies do not support her position either.  For example, Ms. Green relies on an unpublished case from this circuit for the proposition that § 1915(e)(2) requires a magistrate judge to screen IFP applications for merit.  See Phillips v. Layden, 434 F. App'x 774, 775 (10th Cir. Oct. 14, 2011).  But the court in Phillips explained that it was the "IFP status [that] required the district court to evaluate [the plaintiff's] claims *sua sponte*."

Id. In other words, once a litigant has been granted IFP status, the district court is required to evaluate the claims for merit, but a magistrate judge is not necessarily required to do so before such status is ever granted. In dismissing Mr. Buchheit's complaint, the district court here fulfilled this requirement.

Ms. Green also cites Lister v. Department of the Treasury, where we repeated that "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." 408 F.3d 1309, 1312 (10th Cir. 2005). Although such language indicates that the movant is required to make a showing of a nonfrivolous argument when applying to proceed IFP, we do not read it as creating an affirmative obligation on the part of the district court to apply § 1915(e)(2)(B) immediately. Even assuming the "shall dismiss" language of § 1915(e)(2) places an affirmative obligation on the district court to review the claims of litigants proceeding IFP, there is simply no indication that the obligation attaches prior to the IFP determination.

We recognize that the purpose of § 1915(e) is to "'discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate.'" Trujillo, 465 F.3d at 1216 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). And we acknowledge that prompt screening may be a good thing and conserve the resources of defendants forced to

respond to baseless lawsuits. But the language of the present rule also provides needed flexibility, even if it sometimes requires defendants like Ms. Green and Judge Mitchell to respond to complaints that may soon be dismissed as without merit. It simply does not require district courts to review the merits of every claim that comes before them in an IFP motion, and we decline to read in such an extensive duty absent statutory language to that effect.

AFFIRMED. We DENY Mr. Buchheit's motion for sanctions.