**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARL L. LESTER,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 16-3091
(D.C. No. 5:15-CV-03109-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Carl Lester appeals the dismissal of his 28 U.S.C. § 2241 petition for lack of

jurisdiction. We affirm.

On March 16, 2010, Lester was sentenced to 120 months' imprisonment. He

filed two § 2255 motions, both of which were denied. He then filed a § 2241 petition

in the district court advancing claims which the district court found had been raised

in his previous § 2255 motions. The court ordered Lester to show cause why the

§ 2241 petition should not be dismissed for lack of jurisdiction. After considering

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lester's response, the district court dismissed the petition for lack of statutory jurisdiction. Lester timely appealed.

Generally, a prisoner may not challenge the constitutionality of his sentence under § 2241 unless a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011) (quoting § 2255(e)). It is the prisoner's burden to show the inadequacy of § 2255. Prost, 636 F.3d at 584. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963). Rather, if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion . . . then the petitioner may not resort to . . . § 2241." Prost, 636 F.3d at 584.

Even construing Lester's pro se filings liberally, see Garza v. Davis, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010), he fails to argue that his claims could not have been raised under § 2255.[1] Instead, he argues ineffective assistance of counsel during sentencing and challenges the district court's adoption of the pre-sentence report. These issues can and should be addressed in a § 2255 motion. See United States v. Boigegrain, 155 F.3d 1181, 1186 (10th Cir. 1998) ("Normally, we require criminal defendants alleging ineffective assistance of counsel to obtain a ruling by a district

---

[1] Lester does argue dismissal was improper under Trevino v. Thaler, 133 S. Ct. 1911 (2013). But Trevino held only that a federal court could excuse a petitioner's default under state law of an ineffective assistance claim for purposes of a federal habeas corpus petition. Id. at 1921.

court on their argument by way of a motion pursuant to 28 U.S.C. § 2255."); Freeman v. Davis, 414 F. App'x 163, 165, 166 (10th Cir. 2011) (unpublished) (§ 2255 is "the proper avenue" for a federal prisoner's post-conviction allegation of factual error in the pre-sentence report). Lester's challenge cannot be heard under § 2241.

The judgment of the district court is **AFFIRMED**. Because Lester has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," Buchheit v. Green, 705 F.3d 1157, 1161 (10th Cir. 2012), his motion to proceed in forma pauperis is **DENIED**.

                Entered for the Court

                Carlos F. Lucero
                Circuit Judge