FILED
United States Court of Appeals
Tenth Circuit

November 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT BARROCA,

      Plaintiff - Appellant,

v.

CLAUDE MAYE; (FNU) JOHNSON;
MARY NOLAN; UNITED STATES
OF AMERICA,

      Defendants - Appellees.

No. 16-3080
(D.C. No. 5:14-CV-03202-SAC-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

Plaintiff-Appellant Robert Barroca, a federal inmate appearing pro se,

appeals from the district court's dismissal of his *Bivens*[1] action pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b). Our jurisdiction arises

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403
U.S. 388 (1971).

under 28 U.S.C. § 1291, and we affirm.

In 1994, Mr. Barroca was convicted of several weapon and drug offenses in the Northern District of California. 1 R. 7. He was transferred to USP-Leavenworth on July 30, 2014. 1 R. 7. As a result of two pending cases he has been involved in and two additional cases he is considering formally pursuing, he has collected twenty-six boxes of legal materials over twenty-plus years. 1 R. 7; Aplt. Br. at 6–7. When he arrived at USP-Leavenworth only two of his boxes were at the prison. 1 R. 7. On August 20, Mr. Barroca formally complained about his missing boxes and the prison's policy of only allowing inmates to store one box of legal materials in their cells. 1 R. 8. Other boxes are placed in a storage room, to which inmates only have weekly access. R. 8. On the same day he filed his complaint, a prison official went "directly to [Mr.] Barroca's cell, [and shook] it down." 1 R. 8. Unbeknownst to Mr. Barroca, all twenty-six boxes had arrived at the prison on August 14. 1 R. 9. He was given permission to review his legal materials with an attorney from the Bureau of Prisons on September 29. 1 R. 11–13.

Mr. Barroca sets forth two causes of action: (1) lack of access to the courts and (2) retaliation. After reviewing Mr. Barroca's response to an order to show cause, the district court dismissed his complaint because he failed to demonstrate an actual injury to contemplated or pending claims. R. 89–96. We review de novo. Buchheit v. Green, 705 F.3d 1157, 1159 (10th Cir. 2012).

Federal inmates "have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Like other constitutional rights, it may be tempered to "preserv[e] internal order and discipline" in prisons. Bell v. Wolfish, 441 U.S. 520, 546 (1979). For example, we have held that prisons may limit the amount of legal materials inmates can store in their cells to maintain security and safety. See Green v. Johnson, 977 F.2d 1383, 1390 (10th Cir. 1992).

To succeed on a denial-of-access claim, a plaintiff must allege an actual injury to contemplated or pending litigation. Lewis v. Casey, 518 U.S. 343, 351–52 (1996). Mr. Barroca has not made such a showing. The court's denial of Mr. Barroca's Rule 60(b) motion in his habeas petition, Barroca v. United States, No. CR-94-0470 EMC, 2014 WL 5528063 (N.D. Cal. Oct. 31, 2014), was based on the merits of that motion — allowing amendment of a prior § 2255 motion would have been successive and was not warranted by existing law. Id. at *8. Mr. Barroca has similarly failed to demonstrate actual injury with respect to his other pending action; the mere fact of delay is not sufficient.

Mr. Barroca has also not articulated how the one-box policy has caused actual injury regarding his two contemplated lawsuits. The district court noted that Mr. Barroca's "filing of well drafted pleadings in the instant action clearly demonstrates that he is fully capable of initiating a legal action notwithstanding having limited or no access to his boxes of legal materials." 1 R. 34–35.

Mr. Barroca also claims that the prison official who shook down his cell

retaliated against him for submitting a formal complaint. We disagree. To successfully plead a claim of retaliation, Mr. Barroca must show "(1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct." Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007). An isolated shakedown, a routine prison procedure, is not sufficient to chill an inmate from filing additional complaints.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge