**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KARL RICHARD THORPE,

    Petitioner - Appellant,

v.

RICK RAEMISCH, Director; MATTHEW
HENSEN; CYNTHIA COFFMAN, The
Attorney General of the State of Colorado,

    Respondents - Appellees.

No. 17-1290
(D.C. No. 1:17-CV-01670-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Karl Richard Thorpe, a Colorado prisoner appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. We deny a COA and dismiss this matter.

After his convictions in state court for burglary, sexual assault, theft, and menacing, and his adjudication as a habitual criminal, Thorpe was sentenced to two consecutive fifty-year terms of imprisonment. The district court dismissed his previous § 2254 application as time-barred and procedurally barred, and we denied a COA. *See Thorpe v. Soares*, 182 F.3d 933, 1999 WL 314636 (10th Cir. May 19, 1999) (unpublished

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

table decision). The district court dismissed his most recent § 2254 application for lack of jurisdiction because he did not obtain authorization from this court to file a second or successive application. Thorpe now seeks a COA to appeal that ruling.

To establish his entitlement to a COA, Thorpe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court denies a § 2254 application on procedural grounds, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on our review of Thorpe's application for a COA and the record on appeal, we conclude he has failed to establish his entitlement to a COA. Thorpe does not address the district court's determination that his application was second or successive, let alone persuade us that jurists of reason would find that determination debatable.

Accordingly, we deny a COA. We also deny Thorpe's motion to proceed in forma pauperis because he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised" in his application. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (internal quotation marks omitted).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

2