**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEREMIAH STARR,

    Plaintiff - Appellant,

v.

MESA COUNTY DETENTION
FACILITY, Sheriffs Department,

    Defendant - Appellee.

No. 19-1484
(D.C. No. 1:19-CV-02786-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff - Appellant Jeremiah Starr, a Colorado inmate appearing pro se, appeals the district court's dismissal of his § 1983 action. He also seeks permission to proceed *in forma pauperis* (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment and deny Plaintiff's IFP request.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In September 2019, Plaintiff commenced this action by filing an original complaint asserting claims under 42 U.S.C. § 1983 against the Mesa County Sherriff's Department. The district court granted Plaintiff's application for leave to proceed IFP and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915. Shortly thereafter, the magistrate judge screened the complaint, determined it suffered from pleading deficiencies, explained why the complaint was deficient, and ordered Plaintiff to file an amended pleading.

Plaintiff then filed an amended complaint, alleging Defendant - Appellee Mesa County Detention Facility (Sheriffs Department) violated his *constitutional* rights because a pod officer *negligently* failed to follow Mesa County Detention Facility policies and procedures for the protection of inmates and willfully neglected Plaintiff. The magistrate judge recommended that the district court (1) dismiss Plaintiff's constitutional claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and (2) decline to exercise supplemental jurisdiction over any state law tort claims asserted in the amended complaint pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff filed a "Recommended Amended Prisoner Complaint", which the district court liberally construed as a timely written objection to the magistrate judge's recommendation. A few weeks later, the district court overruled Plaintiff's objection and adopted the magistrate judge's recommendation in its entirety. In addition, the court denied Plaintiff leave to proceed IFP on appeal and certified under 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

Plaintiff now appeals the district court's order. Because Plaintiff appears before us pro se, we afford his filings a liberal construction. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). In doing so, however, we do not craft arguments or otherwise advocate on Plaintiff's behalf. *See id.*

Much like the objection he filed in the district court, which neither acknowledged the magistrate judge's specific recommendations nor challenged the reasoning behind them, Plaintiff's appellate brief fails to engage with the district court's rulings. Plaintiff's two-page brief—which is substantively, if not completely, identical to his objection to the magistrate judge's recommendation—does not attempt to explain how the district court allegedly erred. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). While Plaintiff continues to present allegations against Defendant in his appellate brief, he fails to "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Id.* Plaintiff's brief, moreover, neither presents an issue for review nor comes anywhere close to complying with Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28(a); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (noting Rule 28 applies with equal force to pro se litigants).

Because these failures waive any argument for reversal, we affirm the district court's order without further discussion. *See Nixon*, 784 F.3d at 1369 (summarily affirming district court's order dismissing claim because appellant's brief "contain[ed] nary a word to challenge the basis of the dismissal"); *Utah Envtl. Cong. v. Bosworth*,

3

439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived."); *Garrett*, 425 F.3d at 841 ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court."). And because Plaintiff fails to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," we deny his motion to proceed IFP on appeal. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Therefore, the judgment of the district court is AFFIRMED, and Plaintiff's motion to proceed IFP is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge