**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHIRON D. DAVIS,

    Petitioner - Appellant,

v.

JIM FARRIS, Warden,

    Respondent - Appellee.

No. 25-5110
(D.C. No. 4:22-CV-00279-GKF-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Shiron D. Davis, an Oklahoma state prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA

to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court"). He also seeks leave to

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny both requests and dismiss this matter.[1]

## I.  BACKGROUND

Mr. Davis was convicted of and sentenced for offenses arising from domestic assault and battery.  The Oklahoma Court of Criminal Appeals ("OCCA") upheld his convictions and sentences.  Mr. Davis then filed four applications for post-conviction relief.  The state district court denied each one, Mr. Davis appealed three of the denials, and the OCCA affirmed each denial, holding that he procedurally defaulted the claims he sought to raise.

Mr. Davis next applied to the federal district court for relief under § 2254, alleging insufficient evidence to convict him, ineffective assistance of appellate counsel, deprivation of a fair trial, and violation of double jeopardy—all issues he tried to raise in the state post-conviction proceedings.  The district court held that Mr. Davis had procedurally defaulted all of his claims on independent and adequate state law grounds, which he did not overcome by demonstrating cause and prejudice or a fundamental miscarriage of justice based on factual innocence.  The court therefore denied habeas relief.  It also denied a COA.

---

[1] Because Mr. Davis appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## II.  DISCUSSION

We must grant a COA to review a § 2254 application.  28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Where, as here, the district court dismissed the application on procedural grounds, we will grant a COA only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  Mr. Davis has failed to make this showing on the procedural ruling, so we deny a COA.

In his brief, Mr. Davis presents two issues.

First, he asserts the "issue before this Honorable Court is of actual innocence." Aplt. Br. at 3.  But much of the ensuing discussion challenges the law enforcement investigation, the prosecution's charging decisions, and the sufficiency of the trial evidence.  *Id.* at 3-6.  To establish a credible claim of actual innocence, he must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327; *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013).  He has not done so.

Second, Mr. Davis argues the state district court improperly enhanced his sentence in violation of the Eighth Amendment and Oklahoma state statutes.  Aplt. Br. at 7.  Even though his sentence is based on Oklahoma state law, he attempts to support his argument

3

with Supreme Court and the Tenth Circuit cases reviewing federal sentences under the United States Sentencing Guidelines and 18 U.S.C. § 3553(a). *Id.* at 7-13. Mr. Davis did not claim sentencing error in his § 2254 application, the district court did not address his sentence, and neither do we.

Mr. Davis's brief lacks discussion of how reasonable jurists would debate the district court's denial of habeas relief based on procedural default. He therefore is not entitled to a COA.

### III. CONCLUSION

We deny a COA, deny leave to proceed *ifp* for failure to present "a reasoned, nonfrivolous argument," *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012), and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4