FILED
United States Court of Appeals
Tenth Circuit

December 1, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GREGORY D. CROSBY, a/k/a Gregory
D. Cosby,

     Petitioner - Appellant,

v.

BILL TRUE, Warden,

     Respondent - Appellee.

No. 21-1003
(D.C. No. 1:20-CV-01726-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Gregory D. Crosby appeals from the district court's dismissal without

prejudice of his pro se application for a writ of habeas corpus under 28 U.S.C.

§ 2241.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Crosby is an inmate in the custody of the federal bureau of prisons (BOP).  He

filed a pro se § 2241 habeas application in June 2020 that the district court construed

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as raising a single claim for relief—that Crosby should be placed at a prison facility closer to his home under the First Step Act of 2018.  As with a previous case in which Crosby asserted the same claim, the district court dismissed his action without prejudice for lack of statutory jurisdiction, holding his transfer claim was not cognizable under § 2241.

Crosby appealed.  We affirmed dismissal of his transfer claim, but we held that the district court had not addressed a second claim Crosby raised in his § 2241 application:  that the BOP failed to grant him time credits for completing evidence-based recidivism reduction (EBRR) programming.  We remanded for the district court to address that claim.

On remand, the district court held that the few references to EBRR programming in Crosby's § 2241 application were insufficient to comply with the pleading requirements applicable to habeas corpus applications.  The court applied the pleading requirements in the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules), noting they are more demanding than the notice pleading requirements for ordinary civil actions.[1]  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  In particular, a habeas application must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief requested."  Habeas Rules, Rules 2(c)(1)-(3).

---

[1] The Habeas Rules may be applied to other types of habeas applications beyond those filed under 28 U.S.C. § 2254.  *See* Habeas Rules, Rule 1(b).

The district court held that, even liberally construed, Crosby's application did not adequately assert a claim based on time credits for EBRR programming because he failed to: (1) specifically identify such a claim; (2) allege adequate facts to demonstrate his federal rights were violated or that he was entitled to habeas relief based on time credits for EBRR programming; and (3) demand relief related to time credits for EBRR programming. The court also concluded Crosby's vague and conclusory statements in the attachments to his application did not satisfy even the notice pleading standard in Federal Rule of Civil Procedure 8.

The district court also held that leave to amend Crosby's habeas application would be futile because it previously dismissed the same claim on the merits in a previous action.[2] So, having held that Crosby insufficiently pleaded his EBRR claim under the Habeas Rules and that amendment would be futile, the district court dismissed the § 2241 application without prejudice.

_____

[2] In that prior case, the district court determined Crosby's EBRR claim was premature due to the two-year phase-in period for the BOP to provide EBRR programming following the completion of Crosby's initial risk and needs assessment in November 2019. Further, because officials had assessed Crosby as having a high risk of recidivism, the court held that even if he had received time credits for completed EBRR programming, he would not be eligible for prerelease custody or supervised release under the First Step Act. *See* 18 U.S.C. § 3624(g)(1)(B) (providing that prisoners are eligible for prerelease custody or supervised relief based upon time credits earned for EBRR programming on a showing of reduced recidivism risk or risk maintained at a minimum or low level); *id.* § 3632(d)(4)(C) (indicating that EBRR time credits "shall be applied toward time in prerelease custody or supervised release"). Therefore, the district court dismissed Crosby's previous EBRR claim without prejudice because he had not shown an entitlement to habeas relief. Crosby did not challenge that ruling on appeal.

## II.    Discussion

When reviewing the dismissal of a § 2241 habeas application, "we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017).[3] Because Crosby appears pro se, we liberally construe his filings, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Crosby argues the EBRR claim in his § 2241 application is not vague. He asserts that the facts are simple and his sole argument is that he should receive time credits when he participates in EBRR classes. But he fails to point to allegations in his application that satisfy the Habeas Rules. Crosby alleged he had completed educational programs *before* Congress enacted the First Step Act. *See* R. at 7-8, 13. And he alleged he had completed one EBRR class, while acknowledging he would not receive credit for that class until November 2021, *see id.* at 14, which was more than a year *after* he filed his § 2241 application. Moreover, Crosby tied his participation in programming to his desire to be transferred to a different prison facility. *See id.* at 13. Finally, his § 2241 application did not demand relief in the form of time credits for EBRR programming. Thus, Crosby has not demonstrated

---

[3] Crosby need not obtain a certificate of appealability for this court to review the district court's denial of his § 2241 application. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

error in the district court's determination that his § 2241 application did not adequately assert a claim based on time credits for EBRR programming.

Crosby also asserts that the district court erred by dismissing his § 2241 application without allowing him to amend. The district court held that amendment would be futile, raising a question of law for our review, *see Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018). But rather than addressing the district court's reasoning, Crosby refers this court to his allegations in yet another district court case in which he says he asserted a claim for time credits based on EBRR programming.[4] This is insufficient appellate argument. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998). We will also not independently "conjure facts [he] might conceivably raise in support of his claims." *Requena*, 893 F.3d at 1205. We therefore conclude that Crosby's perfunctory allegation of error is insufficient to invoke our appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). And Crosby's failure to seek leave to amend after the district court dismissed his § 2241 application ultimately precludes that relief. *See Requena*, 893 F.3d at 1208 (stating it is "incumbent upon the pro se plaintiff to seek

---

[4] Crosby voluntarily dismissed the district court case he cites in his appellate brief. *See* Order of Dismissal, *Crosby v. True*, 1:21-cv-00082-LTB (D. Colo. Feb. 10, 2021). He later filed another § 2241 application in June 2021, once again asserting a claim for time credits based on EBRR programming. That case remains pending in the district court. *See Crosby v. ADX Warden*, 1:21-cv-01525-WJM (D. Colo. June 21, 2021).

leave from the district court to make the attempt to amend after dismissal of his action below" (brackets and internal quotation marks omitted)).[5]

## III. Conclusion

We affirm the district court's judgment. We grant Crosby's motion to proceed on appeal without prepayment of fees and costs. We deny his motion asking the court to enter judgment or stay this appeal pending the resolution of another district court case.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[5] Crosby further asserts that the district court should have addressed the sufficiency of his EBRR claim on initial screening under 28 U.S.C. § 1915(e)(2). But the district court had no duty to do so at that time. *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) (holding nothing in § 1915(e)(2) requires a court to screen a case for merit before granting *in forma pauperis* status). Finally, he cites no authority requiring an evidentiary hearing in a § 2241 habeas proceeding when the habeas application fails to satisfy the Habeas Rules.