**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RODNEY DOUGLAS EAVES,

    Plaintiff - Appellant,

v.

MS. KORY; JERRY ROARK; DANNY
SALAZAR; MR. CHAVEZ; THE
COLORADO DEPARTMENT OF
PUBLIC HEALTH AND
ENVIRONMENT; SUSAN WOLLERT;
ANGIE TURNER; MARSHALL
GRIFFITH; JANE DOE #2; JANE DOE
#3,

    Defendants - Appellees.

No. 24-1048
(D.C. No. 1:23-CV-01627-LTB-SBP)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Plaintiff-Appellant Rodney Douglas Eaves appeals from the district court's

dismissal of his complaint for failure to comply with pleading requirements.  See

Fed. R. Civ. P. 8(a).  Acting pro se, Mr. Eaves brought several claims under 42

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

U.S.C. § 1983 against employees of the Colorado Department of Corrections (CDOC), the Bent County Correctional Facility (BCCF), a private prison operated by CoreCivic, and the Colorado Department of Public Health and Environment (CDPHE) alleging violations of his constitutional rights, specifically, the Eighth Amendment prohibition on cruel and unusual punishment and Fourteenth Amendment substantive due process, arising from his confinement during the COVID-19 pandemic.  R. 28–32.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

In his amended complaint, Mr. Eaves alleged that he was forcibly relocated to a housing unit where inmates were actively testing positive for COVID-19 and that he contracted the disease as a result.  He further alleged that he received deficient medical care and that officials ignored his formal grievances.  The magistrate judge recommended dismissal of Mr. Eaves's claims against CDPHE and CDOC employees in their official capacity.  The Eleventh Amendment bars all suits against the state except those seeking prospective injunctive relief.  Hill v. Kemp, 478 F.3d 1236, 1255–56 (10th Cir. 2007).  Mr. Eaves was no longer confined at BCCF when he filed his amended complaint, so his claims for injunctive relief were moot.  As to the remaining claims, the magistrate judge recommended dismissal due to Mr. Eaves's failure to comply with pleading requirements.  R. 60–62; see Fed. R. Civ. P. 8(a).  The court reasoned that Mr. Eaves employed a "shotgun approach to pleading"

2

without specifying how each defendant harmed him or whether the defendants were deliberately indifferent to a substantial risk of serious harm.  R. 61–62.  Over several objections by Mr. Eaves, the district court accepted and adopted the magistrate judge's recommendation and dismissed the complaint without prejudice for failure to comply with the pleading requirements of Rule 8.  See Fed. R. Civ. P. 41(b).

## Discussion

We review a dismissal under Rule 41(b) for an abuse of discretion.  See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007).  Rule 8(a)(2) states that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Detailed allegations are unnecessary, but the complaint must contain something more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Given Mr. Eaves's pro se status, we construe his amended complaint liberally.  See Smith v. Allbaugh, 921 F.3d 1261, 1268 (10th Cir. 2019).  We begin with Mr. Eaves's individual claims under the Eighth Amendment.

### A. Eighth Amendment Claims

To succeed on his Eighth Amendment claims, Mr. Eaves must demonstrate that the alleged deprivation was "sufficiently serious" and that the individual defendants were deliberately indifferent to Mr. Eaves's health or safety.  Farmer v.

Brennan, 511 U.S. 825, 834 (1994) (citation omitted).[1]  In the medical context, prison officials act with deliberate indifference when they fail to take reasonable measures to abate a substantial risk of serious harm.  Id. at 847.  The plaintiff must demonstrate "the prison official's culpable state of mind" by showing the official "knows of and disregards an excessive risk to inmate health or safety."  Paugh v. Uintah Cnty., 47 F.4th 1139, 1156 (10th Cir. 2022) (citations omitted).

Assuming Mr. Eaves's exposure to COVID-19 was sufficiently serious, he has failed to adequately plead that individual officials were deliberately indifferent to this risk.  As the magistrate judge observed, the bulk of his complaint alleges actions taken by groups of defendants without specifying each defendant's personal role in the alleged constitutional deprivation.  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).

Even when Mr. Eaves mentions specific defendants, he fails to allege why their actions were unreasonable given the circumstances — let alone whether they had any authority to correct the alleged constitutional deprivation in the first place. Mr. Eaves argues that the denial of his grievances amounted to a constitutional violation, but "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged . . . does not establish personal participation under § 1983."  Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).  He has not

---

[1] We reject Mr. Eaves's argument that Fourteenth Amendment substantive due process provides a separate basis for his § 1983 claim.

made that connection.  At most, Mr. Eaves's complaint alleges negligent conduct by CDOC and BCCF officials.  And mere negligence, such as an accident or "an inadvertent failure to provide adequate medical care[,]" does not constitute the "unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (citation omitted).

### B. Eleventh Amendment Sovereign Immunity

The district court did not abuse its discretion in dismissing Mr. Eaves's claims against CDOC and CDPHE employees in their official capacity, which are suits against state entities.  Generally, the Eleventh Amendment bars suits against the states, except those which target state officers acting in their official capacities and seek prospective, injunctive relief.  Hill, 478 F.3d at 1255–56 (citing Ex Parte Young, 209 U.S. 123 (1908)).  Mr. Eaves has been transferred from BCCF, and his claim that CDOC officials and CDPHE supervise care in all Colorado correctional facilities is far too general.  His claim (to the extent it is not barred) is therefore moot.  Further, Mr. Eaves cannot invoke the mootness exception "where the underlying dispute is capable of repetition, yet evading review" because he has not shown a reasonable expectation that he will be subjected to the same alleged constitutional violations again.  See Buchheit v. Green, 705 F.3d 1157, 1160 (10th Cir. 2012) (internal quotation marks and citation omitted).

Accordingly, the district court's judgment is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge